UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNCOMMON CONTENT PARTNERS LLC, | 14-CV-06741-SHS |
| Plaintiff, | **ANSWER OF DEFENDANTS TALAMASCA, INC. AND PHARRELL WILLIAMS TO SECOND AMENDED COMPLAINT** |
| -against- | |
| TALAMASCA, INC., PHARRELL WILLIAMS, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants TALAMASCA, INC., and PHARRELL WILLIAMS ("Defendants") hereby respond to the Second Amended Complaint and Jury Demand ("SAC") of Plaintiff UNCOMMON CONTENT PARTNERS LLC ("Plaintiff"), as follows:

1.   In response to paragraph 1 of the SAC, Defendants admit that, pursuant to the agreement ("Agreement") between Defendant Talamasca, Inc. ("Talamasca") and Plaintiff, Talamasca furnished the services of Defendant Pharrell Williams ("Williams") as the on-air host for the initial season of "Artst Tlk" (the "Series"), that after the initial season was produced and released on YouTube, Plaintiff gave notice that it was exercising its option to secure Williams' services for season two, that the Agreement speaks for itself, and that Williams entered into an agreement to appear as a coach on "The Voice" that contained certain exclusivity provisions. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 1 of the SAC.

2.   In response to paragraph 2 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff invested in excess of $1 million in the production of the initial season and on that basis deny the allegation.

Except as expressly denied above, Defendants deny each and every allegation of paragraph 2 of the SAC.

3.	In response to paragraph 3 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

4.	In response to paragraph 4 of the SAC, Defendants admit that Talamasca is a Delaware corporation, that as of the date of this Answer, Talamasca has its principal place of business, in part, in Los Angeles, California, and that Talamasca from time to time furnishes the services of Williams under written agreements.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 4 of the SAC.

5.	Defendants deny each and every allegation of paragraph 5 of the SAC.

6.	In response to paragraph 6 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

7.	In response to paragraph 7 of the SAC, Defendants admit that, under the Agreement, the parties consented to the Court's jurisdiction in the action.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 7 of the SAC.

8.	In response to paragraph 8 of the SAC, Defendants admit that, under the Agreement, the parties consented to venue in this Court.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 8 of the SAC.

9.	In response to paragraph 9 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

10. In response to paragraph 10 of the SAC, Defendants admit that the Series is a program that features Williams conducting interviews of artists, entertainers, and creative professionals, and that the Agreement speaks for itself. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

11. In response to paragraph 11 of the SAC, Defendants admit that on or about March 23, 2012, Talamasca and Plaintiff entered into the Agreement, which speaks for itself, and that a true and correct copy of the Agreement, with certain financial information redacted therefrom, is attached as Exhibit A to the SAC. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 11 of the SAC.

12. In response to paragraph 12 of the SAC, Defendants admit that on or about March 26, 2012, Williams signed the Inducement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 12 of the SAC.

13. In response to paragraph 13 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 13 of the SAC.

14. In response to paragraph 14 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 14 of the SAC.

15. In response to paragraph 15 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 15 of the SAC.

16. In response to paragraph 16 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 16 of the SAC.

17. In response to paragraph 17 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 17 of the SAC.

18. In response to paragraph 18 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 18 of the SAC.

19. In response to paragraph 19 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 19 of the SAC.

20. In response to paragraph 20 of the SAC, Defendants admit that shooting for the Initial Season commenced shortly after execution of the Agreement pursuant to a joint production schedule and concluded in or about November 2013. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 20 of the SAC.

21. In response to paragraph 21 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself, and that the Initial Season of the Series was published on YouTube at a rate of approximately one episode per month between October 2012 and December 2013. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

22. In response to paragraph 22 of the SAC, Defendants admit that the episodes included conversations with Spike Lee, Jeff Koons, Usher, and Leonard Nimoy. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

23. In response to paragraph 23 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 23 of the SAC.

24. In response to paragraph 24 of the SAC, Defendants admit that they were aware that Plaintiff's ultimate goal was to license the Series to a network, and that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 24 of the SAC.

25. In response to paragraph 25 of the SAC, Defendants admit that they were aware in or about early 2014 that Plaintiff was shopping the Series to networks, and that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

26. In response to paragraph 26 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

27. In response to paragraph 27 of the SAC, Defendants admit that Talamasca and Plaintiff entered into the Agreement, which speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 27 of the SAC.

28. In response to paragraph 28 of the SAC, Defendants admit that they were aware in or about early 2014 that Plaintiff was shopping the Series to networks. Defendants deny that Williams or his management team were aware of any alleged discussions with networks or potential sponsors concerning Williams' alleged obligation to appear in an Additional Season. Except as expressly admitted or denied above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

29. In response to paragraph 29 of the SAC, Defendants deny that Plaintiff kept Williams and his representatives apprised of the details of Plaintiff's alleged negotiations with an alleged specific cable television network and an alleged specific potential corporate sponsor. Except as expressly denied above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

30. In response to paragraph 30 of the SAC, Defendants admit that, on or about March 31, 2014, NBC issued a press release, which speaks for itself. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

31. In response to paragraph 31 of the SAC, Defendants admit that, on or about March 30, 2014, Caron Veazey informed Kevin Law in a telephone call that Williams had signed an agreement with NBC committing Williams to appear on The Voice, and that the Voice agreement barred Williams from participating in filming any non-scripted program until eighteen months after the last episode of the second season of the Voice in which Williams appeared as a coach had aired. Defendants further admit that the Voice agreement speaks for itself. Except as

expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of each of the allegations in this paragraph and on that basis deny them.

33. In response to paragraph 32 of the SAC, Defendants admit that Ms. Veazey informed Mr. Law on or about March 30, 2014, that NBC would not permit Williams to appear in the Additional Season of the Series until the Voice exclusivity period had expired. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 32 of the SAC.

33. In response to paragraph 33 of the SAC, Defendants admit that Ms. Veazey wrote to Plaintiff on or about April 9, 2014, and that the document speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 33 of the SAC.

34. In response to paragraph 34 of the SAC, Defendants admit that Williams wrote to Mr. Law on or about April 9, 2014, and that the document speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 34 of the SAC.

35. In response to paragraph 35 of the SAC, Defendants admit that Plaintiff responded to Defendants on or about April 9, 2014, and that the document speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 35 of the SAC.

36. In response to paragraph 36 of the SAC, Defendants admit that, on April 17, 2014, Stefan Schick, Esq., on behalf of Plaintiff, sent a letter to Steven G. Shapiro, Esq., on behalf of Defendants, and that the document speaks for itself. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 36 of the SAC.

37. In response to paragraph 37 of the SAC, Defendants admit that, on April 17, 2014, Stefan Schick, Esq., on behalf of Plaintiff, sent a letter to Steven G. Shapiro, Esq., on behalf of Defendants, and that the document speaks for itself.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 37 of the SAC.

38. In response to paragraph 38 of the SAC, Defendants admit that, on April 29, 2014, Joe M. Carlone, Esq., on behalf of Defendants, sent a letter to Stefan Schick, Esq., on behalf of Plaintiff, and that the document speaks for itself.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 38 of the SAC.

39. In response to paragraph 39 of the SAC, Defendants admit that, on April 29, 2014, Joe M. Carlone, Esq., on behalf of Defendants, sent a letter to Stefan Schick, Esq., on behalf of Plaintiff, and that the document speaks for itself.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 39 of the SAC.

40. Defendants deny each and every allegation of paragraph 40 of the SAC.

41. In response to paragraph 41 of the SAC, Defendants admit that the parties engaged in certain discussions regarding the Additional Season and the Voice exclusivity provision in May through July 2014.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 41 of the SAC.

42. Defendants deny each and every allegation of paragraph 42 of the SAC.

43. In response to paragraph 43 of the SAC, Defendants admit they sent certain written communications to Plaintiff in May through July 2014, and that those documents speak for themselves.  Except as expressly admitted above, Defendants deny each and every allegation of paragraph 43 of the SAC.

44. In response to paragraph 44 of the SAC, Defendants admit that, by late July 2014, there had been several months of communications between the parties, and that Defendants' written communications to Plaintiff in late July 2014 speak for themselves. Except as expressly admitted above, Defendants deny each and every allegation of paragraph 44 of the SAC.

45. Defendants deny each and every allegation of paragraph 45 of the SAC.

46. Defendants deny each and every allegation of paragraph 46 of the SAC.

47. In response to paragraph 47 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff expended in excess of $1 million in connection with its development and production of the Series and on that basis deny the allegation. Except as expressly denied above, Defendants deny each and every allegation of paragraph 47 of the SAC.

48. Defendants deny each and every allegation of paragraph 48 of the SAC.

49. In response to paragraph 49 of the SAC, Defendants incorporate by reference as if set forth in full herein each and every admission, denial, or averment set forth above in paragraphs 1 through 48.

50. Defendants deny each and every allegation of paragraph 50 of the SAC.

51. Defendants deny each and every allegation of paragraph 51 of the SAC.

52. Defendants deny each and every allegation of paragraph 52 of the SAC.

53. Defendants deny each and every allegation of paragraph 53 of the SAC.

54. Defendants deny each and every allegation of paragraph 54 of the SAC.

55. Defendants deny each and every allegation of paragraph 55 of the SAC.

56. In response to paragraph 56 of the SAC, Defendants incorporate by reference as if set forth in full herein each and every admission, denial, or averment set forth above in paragraphs 1 through 55.

57. Defendants deny each and every allegation of paragraph 57 of the SAC.

58. Defendants deny each and every allegation of paragraph 58 of the SAC.

59. Defendants deny each and every allegation of paragraph 59 of the SAC.

60. Defendants deny each and every allegation of paragraph 60 of the SAC.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

61. The SAC, and each claim for relief alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel/Promissory Estoppel)

62. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery by the doctrine of estoppel and/or promissory estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

63. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

64. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

65. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

66. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery by the doctrine of unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

67. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from recovering any damages because and to the extent that Plaintiff failed to mitigate its alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

68. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because and to the extent that Defendants are entitled to an offset.

## NINTH AFFIRMATIVE DEFENSE

### (Performance Excused)

69. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because Defendants' obligations under the Agreement, if any, were waived, excused, and/or rendered moot, including by Plaintiff's breaches of the Agreement.

## TENTH AFFIRMATIVE DEFENSE

### (Failure of Conditions)

70. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because Defendants' obligations under the Agreement, if any, were excused due to the failure of conditions precedent and/or conditions subsequent.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

71. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because Plaintiff and/or third parties and/or superseding events and circumstances frustrated and/or prevented Defendants' performance under the Agreement.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

72. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because there was a complete and material failure of consideration excusing any further performance by Defendants under the Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

73. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because Plaintiff consented to all of the alleged acts and omissions by Defendants that allegedly give rise to Plaintiff's claims for relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

74. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because Plaintiff ratified all of the alleged acts and omissions by Defendants that allegedly give rise to Plaintiff's claims for relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Do Equity)

75. With respect to each and every claim for relief alleged in the SAC, Plaintiff failed to do equity in the matters alleged therein, and any recovery sought by Plaintiff must be diminished or barred by reason thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

76. With respect to each and every claim for relief alleged in the SAC, Defendants' performance under the alleged contract is excused by the doctrine of frustration of purpose, and hence Plaintiff is precluded from recovering damages, if any, or other relief against Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

77. If Defendants failed to perform any obligations allegedly owing to Plaintiff, which Defendants deny, such performance was prevented or made impossible or otherwise excused as a result of acts or omissions of Plaintiff or third parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause/Superseding Cause)

78. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because its alleged injuries and damages were not proximately caused by any acts or omissions of Defendants, and/or the acts or omissions of Plaintiff and/or third persons were an intervening and/or superseding cause of any such alleged injuries and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Immaterial Breach)

79. With respect to each and every claim for relief alleged in the SAC, Plaintiff is barred from any recovery because each and every breach of contract alleged by Plaintiff in the SAC is *de minimis*, immaterial, and does not entitle Plaintiff to any relief.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

80. Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available and hence reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will be divulged through discovery of the factual bases for Plaintiff's claims for relief or further legal analysis.

WHEREFORE, Defendants pray for judgment, as follows:

1. That Plaintiff take nothing by its SAC, and for entry of judgment in favor of Defendants;

/ / /

/ / /

2. For Defendants' costs of suit; and,

3. For such other and further relief as the Court deems just and proper.

DATED: September 4, 2015

KING, HOLMES, PATERNO & SORIANO, LLP

By: _____
Howard E. King, Esq.
Seth Miller, Esq.
smiller@khpslaw.com

1900 Avenue of the Stars, Twenty-Fifth Floor
Los Angeles, California 90067-4506
(310) 282-8989

Attorneys for Defendants TALAMASCA, INC. and PHARRELL WILLIAMS

## DEMAND FOR JURY TRIAL

Defendants TALAMASCA, INC. and PHARRELL WILLIAMS ("Defendants") hereby demand a jury trial on all issues triable to a jury.

DATED:   September 4, 2015

KING, HOLMES, PATERNO & SORIANO, LLP

By: _____
Howard E. King, Esq.
Seth Miller, Esq.
smiller@khpslaw.com

1900 Avenue of the Stars, Twenty-Fifth Floor
Los Angeles, California 90067-4506
(310) 282-8989

Attorneys for Defendants TALAMASCA, INC. and PHARRELL WILLIAMS